**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLARENCE ETHAN BOYCE, | No.    23-55020 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-01576-CBM-SHK |
| v. | |
| ALEJANDRO N. MAYORKAS, United States Secretary of Homeland Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Submitted November 27, 2024**

Before:  O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Clarence Boyce appeals the district court's judgment following a bench trial

on his Title VII retaliation claim.  We have jurisdiction pursuant to 28 U.S.C. §

1291.  We review the findings of fact for clear error and the conclusions of law de

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo. *Langer v. Kiser*, 57 F.4th 1085, 1100 (9th Cir. 2023). The district court's adverse credibility finding is entitled to special deference. *Allen v. Iranon*, 283 F.3d 1070, 1078 n.8 (9th Cir. 2002). We affirm.

The district court's findings that: (1) Boyce was scheduled to work a ten-hour shift, with the last two hours of the day as overtime; (2) Boyce's supervisors told him to remain in the field until his overtime; and (3) Boyce's early return to the station from the field violated supervisors' orders are well-supported by testimony and documents in the record. Contrary to the supervisors' testimony, Boyce testified that his supervisors did not tell him to remain in the field. The district court found Boyce's testimony not credible, and that finding is supported by the record. None of the arguments made by Boyce undermine the district court's findings.

Nor did the district court err in holding that Boyce failed to establish retaliation. *See Kama v. Mayorkas*, 107 F.4th 1054, 1059 (9th Cir. 2024) (setting forth the standard).

We decline to consider arguments raised for the first time in the reply brief. *See Loomis v. Cornish*, 836 F.3d 991, 998 n.3 (9th Cir. 2016) (arguments not raised in the opening brief are waived).

**AFFIRMED.**